IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff, | | |
| | : | |
| | | |
| v. | : | Civil Action No. |
| | | |
| $1,915.72 U.S. CURRENCY and | : | |
| ASSORTED AMERICAN EXPRESS GIFT | | |
| CARDS VALUED AT $1,311.99 U.S. | : | |
| CURRENCY, | | |
| Defendants. | : | |

: : : : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, United States of America, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Peter M. Nothstein, Assistant U.S. Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1.     This is a civil forfeiture action against U.S. currency involved in money laundering violations and is subject to forfeiture pursuant to 21 U.S.C. § 881.

### THE DEFENDANTS IN REM

2.     The defendant property is $1,915.72 in U.S. Currency and assorted American Express gift cards valued at $1,311.99 U.S. Currency.

3.     $1,915.72 U.S. Currency was seized on or about May 30 2012, from money market account #XXXX2784, in the name of Paul Reid, from Citibank, One Penns Way, New Castle, pursuant to the execution of a search and seizure warrant in the State and District of Delaware. Seven (7) American Express gift cards were seized on or about May 15, 2012, from Gary Layne and Colleen Schaeffer, 217 West North Street, Apt. 24, Waynesboro, pursuant to the execution of a search and seizure warrant in the State and District of Pennsylvania. The gift cards were

converted into a cashier's check in the amount of $1,311.99 U.S. Currency.

4.      Since seizure, the defendant property has been and presently is in the custody of the U.S. Marshal Service.

### JURISDICTION AND VENUE

5.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property.  This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. §881.

6.      This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b).

7.      Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. §1395 because the property is located in this district.

### BASIS FOR FORFEITURE

8.      The defendant property is subject to forfeiture pursuant to 21 U.S.C. §881(a)(6) because it is proceeds or was derived from proceeds furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, constituted proceeds traceable to such an exchange, and was used and intended to be used to facilitate such violation.

### FACTS

9.      The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declarations of Task Force Officer, Terry L. Hose, Drug Enforcement Administration, which is incorporated herein by reference.


        WHEREFORE, the plaintiff prays that all persons who reasonably appear to be potential claimants with interests in the defendant property be cited to appear herein and answer the complaint; that a Warrant of Arrest *in rem* be issued to the U.S. Marshal Service commanding

the arrest of the defendant property; that the defendant property be forfeited and condemned to

the United States of America; that upon Final Decree of Forfeiture, the United States Marshal

dispose of the defendant property according to law; and that the plaintiff have such other and

further relief as this Court deems proper and just.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By: _____
Peter M. Nothstein
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800

## VERIFICATION

I, Peter M. Nothstein, declare under penalty of perjury as provided by 28 U.S.C. §1746,

that the foregoing Complaint for Forfeiture is based on reports and information furnished to me

by the Drug Enforcement Administration, and that everything contained therein is true and

correct to the best of my knowledge and belief.

11/29/12
Date

Peter M. Nothstein
Assistant United States Attorney

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $1,311.99 in United States Currency.

I, Terry Hose, task force officer of the Drug Enforcement Administration, submit that there are sufficient facts to support a reasonable belief that the $1,311.99 in United States currency constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841 and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

a.     Since 2009, the Washington County Narcotics Task Force Force (WNTF) has been investigating the drug trafficking organization headed by Gary LAYNE (aka "Muggs"; aka "Muggsy"). Through debriefs of sources of information and the court-authorized wiretaps described below, I have learned that LAYNE operates a large-scale drug trafficking organization, selling marijuana, cocaine and crack cocaine, in Maryland, Virginia, West Virginia, and Pennsylvania. LAYNE's main associates are: Robert COLLINS (aka "La Kid"), Learnell WILLIAMS (aka "L"; aka "L.A."), Andrae EDWARDS (aka "Dre"), Colleen SCHAEFFER, Paul REID, aka Jessica SAVOY (aka "Big Ma").

b.     LAYNE's main distributors of marijuana and other controlled substances are EDWARDS, BETHUNE, WILLIAMS, COLLINS and SAVOY. LAYNE's main method of

obtaining marijuana appears to be shipping it through common carriers, such as the US Postal Service.

c.     LAYNE launders his drug proceeds through a Bank of America account controlled by Paul REID.  LAYNE, SCHAEFFER,  REID and COLLINS have deposited cash into this account for withdrawal at another time and place to purchase drugs.  LAYNE's current girlfriend is SCHAEFFER.

d.     On May 10, 2012, a grand jury sitting in and for the District of Maryland returned a six-count indictment (ELH-12-251) charging LAYNE, EDWARDS, BETHUNE, WILLIAMS, COLLINS and SAVOY with conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 and LAYNE, REID, COLLINS and SCHAEFFER with conspiracy to commit money laundering, in violation of 18 U.S.C. §1956. LAYNE and SCHAEFFER with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956. LAYNE and SCHAEFFER were also charged with substantive counts of distribution of marijuana and money laundering. The indictment provides notice that the government will seek to forfeit a total of $484,875 to the government.

## USE OF THE BOA ACCOUNT TO FACILITATE DRUG TRAFFICKING AND MONEY LAUNDERING

e.     LAYNE utilizes a Bank of America ("BOA") Account to facilitate his drug trafficking activities.  The account, controlled by Paul REID, shows money laundering activity spanning from June 2008 to present. Bank of America Account No. 4833635994  (the "BOA Account")

was opened June 26, 2008, and is titled in the name Keystone Auto Enterprises LP, Sales Account. Information provided at the time of the account opening reflects this entity as an Auto Dealer, EIN 20-8735396, using a mailing address of 10548 Flatlands 1st Street, Brooklyn New York, 11236, work phone number of 347-512-6281, home phone number of 718-444-5669. Bank records show the sole owner/signatory of the account as REID, he identified himself as the owner of Keystone Auto Enterprises, and he provided Delaware driver's license #1142836 at account opening. Delaware MVA databases show Delaware Drivers License # 1142836 as belonging to Paul REID, with an address of 117 Buena Vista Dr, New Castle Delaware, and the same date of birth and SSN as REID.

f.       As of May 15, 2012, the BOA Account has a balance of $39,325.

g.       Database searches show the address 10548 Flatlands 1st Street, Brooklyn New York, 11236 is associated with PAUL REID. The majority of deposit slips used for the BOA Account have the handwritten address 10548 Flatlands 1st Street, Brooklyn New York entered in when making cash deposits.

h.       Public records databases show the EIN 20-8735396 used at bank account opening for Keystone Auto Enterprises LP is associated with an auto dealer DBA Keystone Auto Center at 981 Lincoln Hwy, Morrisville Pennsylvania, 19067. Checks deposited into the BOA Keystone Account also use the 981 Lincoln Hwy, Morrisville Pennsylvania, 19067 address. Two active entities are incorporated at that address: 1) Keystone Auto Enterprises LP, which lists as a general partner, Excel Management Group and President Michael Mormando of 8 Nancia Drive,

Levittown Pennsylvania, 19054; and 2) LC Keystone Auto Enterprises LLC, listing an Officer as Joshua Termeer. Surveillance of the site reveals it to be a small car lot with approximately 20-25 used cars, and a mobile home trailer style office, next to a residence. There is visible sales traffic during the day. Registration information of the vehicles present on the lot could not be determined during surveillance.

i.      Intercepted calls, including those above regarding EDWARDS and BETHUNE, indicate that LAYNE employs others in the organization to assist him in collecting drug proceeds, and that those proceeds are deposited in bank accounts to be used to purchase additional drugs. On January 25, 2012, between 10:55 a.m. and 12:01 p.m., there were several intercepted calls between LAYNE and SCHAEFFER, using 717-816-9972 (subscribed to Colleen SCHAEFFER), who I know to be LAYNE's girlfriend, wherein LAYNE told SCHAEFFER that he was going to the bank "by the 15." LAYNE later called SCHAEFFER and told her he was "there" and that she should bring him $3,500 from out of a drawer. At the time of this call, surveillance agents observed the rental car that LAYNE had been observed getting into earlier that day driving toward his apartment in Waynesboro. On the east side of the parking lot by LAYNE's residence, a black female was seen walking towards the rear of the apartment building at the same time the rental vehicle in which LAYNE was a passenger pulled onto the same lot.  I believe the money that LAYNE was having SCHAEFFER retrieve was in relation to the calls from January 24 with UM 7776.

j.     On January 25, 2012, at approximately 12:40 p.m. there was an outgoing call from 301-302-2600 (LAYNE) to 173*169*7776 (UM 7776).   What follows is a partial transcript of that call.

LAYNE:        Yeah, what's the number? Yo

UM 7776:      483 363 5994

LAYNE:        483

UM 7776:      363 5994

LAYNE:        And it was Keystone

UM 7776:      Yeah

LAYNE:        And put the Auto right?

UM 7776:      Son, you know this already man.

LAYNE:        Forgot man. I, I don't remember


k.     I believe that when UM 7776 gave LAYNE the number "483 363 5994" he was transmitting a bank account number.   At approximately 12:41 p.m., surveillance agents saw LAYNE's rental vehicle at the Bank of America in Thurmont, Maryland.


l.     From a review of documents dating from the opening of the BOA Account in 2008 forward, the REID/Keystone Auto account shows a small amount of apparently legitimate business – evidenced by multiple auto auction checks and a small number (under 10) of personal checks being deposited reflecting the sale of autos.   However, there appear to be no records of checks being written to purchase any cars and only recently (starting in 2012) did REID begin paying himself a monthly salary of $2,750 (by check).   There exist only three form 8300s,

"Report of Cash Payments over $10,000 in a Trade or Business", using Keystone's EIN since January 1, 2009. Instead, the activity in the BOA Account consists almost entirely of even-amount cash deposits, under $10,000, usually in the northeast (New York, Maryland, etc.) and a corresponding withdraw of a similar amount within days or hours in a source state for drugs (California and Texas).

m.      From the period of May 4, 2009, to February 27, 2012, $484,875 in cash deposits and $219,415 in cash withdrawals have been made in the REID / Keystone Auto account. Specifics for the account's cash activity follows:

i)      Of the cash deposits from which deposit slips are available: 3 occurred in Connecticut, 5 occurred in Florida, 17 occurred in Maryland (totaling $111,950), 6 occurred in New Jersey, 59 occurred in New York, and 1 occurred in Pennsylvania.

ii)     Of the cash withdrawals for which information is available: 24 occurred in Texas (totaling $120,000), 7 occurred in California, 2 occurred in Florida, 1 occurred in New Jersey, 1 occurred in Nevada, 10 occurred in New York, and 1 occurred in Pennsylvania.

n.      The evidence supports that the REID / Keystone Auto account is intentionally being used by the LAYNE drug trafficking organization (DTO) as a de facto money transmitter. The majority of cash deposits, all of which (except one) were below the $10,000 reporting threshold, occurred in rounded dollar amounts and are made via counter deposit or drive through locations of BOA in New York and Maryland. Cash withdrawals of similar dollar amounts (none over $10,000) occurred inside BOA branches in Texas, California, New York, Florida, and Nevada.

These withdrawals often occur on the same day in like dollar amounts – or on closely following days. Examples of the money movement that fits the investigation information:

i)      On March 7, 2011, $3,150 was deposited in cash in Maryland. The same day, $2,500 in cash was withdrawn in California.

ii)     On November 10, 2011, $5,000 was deposited in cash in Maryland (photo shows this to be SCHAEFFER). The same day, $5,000 in cash was withdrawn in Texas.

iii)    On December 1, 2011, $5,200 was deposited in cash in Maryland (photo shows this to be LAYNE and SCHAEFFER). The same day, $9,000 in cash was withdrawn in Texas.

iv)     On December 22, 2011, $3,600 was deposited in cash in New York (photos show an unknown male). The same day, $9,500 in cash was withdrawn in 2 transactions in Texas.

v)      On January 24-25, 2012, $7,500 was deposited in cash in Maryland and New York in 2 transactions (photo shows this to be SCHAEFFER depositing in Maryland). With no interceding transactions, on January 27, 2012, $7,500 in cash was withdrawn in Texas.

vi)     On February 7, 2012, $5,000 was deposited in cash in New York (photos show this to be REID). On February 8, 2012 and February 10, 2012, $8,000 in cash was withdrawn in 2 transactions in California (photo shows this to be REID).


o.      For the activity referenced above, a larger sampling of late 2011 and early 2012 bank surveillance photos of the individuals depositing / withdrawing money show a minimum of five unique persons accessing the account. The vast majority of the cash activity for both deposits and withdrawals on the account is REID (as shown when matching his Delaware driver's license photo with bank photos). Other photos indicate infrequent use by LAYNE and SCHAEFFER, a single use by a Takeia A. Grant, and a single use by an unknown male.

p.      Based on my training and experience, I believe that the withdrawals from the BOA Account represent funds to be used to purchase additional drugs for sale by the LAYNE DTO. The amounts are less than $10,000 to avoid reporting requirements, which I know is something done by drug traffickers to avoid detection.  Furthermore, the withdrawals are almost always done in locations which I know to be source locations for drugs such as marijuana - California and Texas.  Additionally, as stated above, I believe that because the withdrawals so closely follow the deposit of money and because the amounts closely correlate, that the Subject Account is being used to transmit money to be used to purchase drugs for the LAYNE DTO.

## TRANSFERS OF DRUG PROCEEDS TO THE CITIBANK ACCOUNT

q.      I also believe that the funds in the BOA Account, which represent proceeds of the sale of drugs, are transferred to other accounts controlled by REID.  In 2001, REID opened a Citibank Account #92042784, a money market account (the "Citibank Account").  The address on the account is 10548 Flatlands 1st Street, Brooklyn New York, 11236 and the sole signatory on the account is REID.  On January 10, 2011, a cashier's check for $20,000 written payable to Paul REID was deposited into this account.  The cashier's check, #2103302 dated January 10, 2011, was drawn on the BOA Account and was endorsed by REID.  On February 22, 2011, a cashier's check for $17,500 written payable to Paul REID was deposited into this account.  The cashier's check, #2792639 dated February 22, 2011, was drawn on BOA Account #4833635994 of Keystone Auto Enterprises LP and was endorsed by REID.  The Citibank Account shows periodic transfers and withdrawals over time, usually into other Citibank accounts, but it does not appear to have a linked debit card or personal checks written from it.

r.      As of May 15, 2012, the Citibank Account has a balance of $9,014.

s.      Also during the course of this investigation, LAYNE along with Learnel WILLIAMS attempted to transport $56,000.00 via airplane to San Diego, California but was seized by DEA agents in California.

t.      On Tuesday, May 15, 2012, a federal search and seizure warrant was executed at the apartment of Gary LAYNE and Colleen SCHAEFFER. This search warrant was issued as the result of the ongoing investigation of the distribution of marijuana and money laundering by the Gary LAYNE DTO. Seized during the search was seven American Express gift cards which were converted into a cashier's check in the amount of $1,311.99.

u.      Neither LAYNE or SCHAEFFER are employed.

v.      SCHAEFFER has no previous convictions for controlled substances.

w.      LAYNE had a conviction in New York for attempted criminal sale narcotic drub in 2000 (New York) and New York 2007 criminal possession of marijuana.

x.      LAYNE was sentenced to 60 months incarceration in the Federal Bureau of Prisons for charges from this investigation. SCHAEFFER is pending charges in federal court related to this investigation.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. 1746 THAT THE FACTS SUBMITTED BY THE DRUG ENFORCEMENT ADMINISTRATION,

IN REFERENCE TO THE SEIZURE OF $1,311.99 U.S. CURRENCY FROM Gary LAYNE and Colleen SCHAEFFER ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.


Terry L Hose
Task Force Officer
Drug Enforcement Administration

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $1,915.72 in United States Currency.

I, Terry Hose, task force officer of the Drug Enforcement Administration, submit that there are sufficient facts to support a reasonable belief that the $1,915.72 in United States currency constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841 and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

a.      Since 2009, the Washington County Narcotics Task Force Force (WNTF) has been investigating the drug trafficking organization headed by Gary LAYNE (aka "Muggs"; aka "Muggsy"). Through debriefs of sources of information and the court-authorized wiretaps described below, I have learned that LAYNE operates a large-scale drug trafficking organization, selling marijuana, cocaine and crack cocaine, in Maryland,  Virginia, West Virginia, and Pennsylvania.  LAYNE's main associates are: Robert COLLINS (aka "La Kid"), Learnell WILLIAMS (aka "L"; aka "L.A."), Andrae EDWARDS (aka "Dre"), Colleen SCHAEFFER, Paul REID, aka Jessica SAVOY (aka "Big Ma").

b.      LAYNE's main distributors of marijuana and other controlled substances are EDWARDS, BETHUNE, WILLIAMS, COLLINS and SAVOY. LAYNE's main method of

obtaining marijuana appears to be shipping it through common carriers, such as the US Postal Service.

c.     LAYNE launders his drug proceeds through a Bank of America account controlled by Paul REID.   LAYNE, SCHAEFFER,   REID and COLLINS have deposited cash into this account for withdrawal at another time and place to purchase drugs.  LAYNE's current girlfriend is SCHAEFFER.

d.     On May 10, 2012, a grand jury sitting in and for the District of Maryland returned a six-count indictment (ELH-12-251) charging LAYNE, EDWARDS, BETHUNE, WILLIAMS, COLLINS and SAVOY with conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 and LAYNE, REID, COLLINS and SCHAEFFER with conspiracy to commit money laundering, in violation of 18 U.S.C. §1956. LAYNE and SCHAEFFER with conspiracy to commit money laundering in violation of 18 U.S.C.  § 1956. LAYNE and SCHAEFFER were also charged with substantive counts of distribution of marijuana and money laundering. The indictment provides notice that the government will seek to forfeit a total of $484,875 to the government.

## USE OF THE BOA ACCOUNT TO FACILITATE DRUG TRAFFICKING AND MONEY LAUNDERING

e.     LAYNE utilizes a Bank of America ("BOA") Account to facilitate his drug trafficking activities.  The account, controlled by Paul REID, shows money laundering activity spanning from June 2008 to present. Bank of America Account No. 4833635994 (the "BOA Account")

was opened June 26, 2008, and is titled in the name Keystone Auto Enterprises LP, Sales Account. Information provided at the time of the account opening reflects this entity as an Auto Dealer, EIN 20-8735396, using a mailing address of 10548 Flatlands 1st Street, Brooklyn New York, 11236, work phone number of 347-512-6281, home phone number of 718-444-5669. Bank records show the sole owner/signatory of the account as REID, he identified himself as the owner of Keystone Auto Enterprises, and he provided Delaware driver's license #1142836 at account opening.   Delaware MVA databases show Delaware Drivers License # 1142836 as belonging to Paul REID, with an address of 117 Buena Vista Dr, New Castle Delaware, and the same date of birth and SSN as REID.

f.      As of May 15, 2012, the BOA Account has a balance of $39,325.

g.      Database searches show the address 10548 Flatlands 1st Street, Brooklyn New York, 11236 is associated with PAUL REID.  The majority of deposit slips used for the BOA Account have the handwritten address 10548 Flatlands 1st Street, Brooklyn New York entered in when making cash deposits.

h.      Public records databases show the EIN 20-8735396 used at bank account opening for Keystone Auto Enterprises LP is associated with an auto dealer DBA Keystone Auto Center at 981 Lincoln Hwy, Morrisville Pennsylvania, 19067.  Checks deposited into the BOA Keystone Account also use the 981 Lincoln Hwy, Morrisville Pennsylvania, 19067 address.  Two active entities are incorporated at that address: 1) Keystone Auto Enterprises LP, which lists as a general partner, Excel Management Group and President Michael Mormando of 8 Nancia Drive,

Levittown Pennsylvania, 19054; and 2) LC Keystone Auto Enterprises LLC, listing an Officer as Joshua Termeer. Surveillance of the site reveals it to be a small car lot with approximately 20-25 used cars, and a mobile home trailer style office, next to a residence. There is visible sales traffic during the day. Registration information of the vehicles present on the lot could not be determined during surveillance.

i.      Intercepted calls, including those above regarding EDWARDS and BETHUNE, indicate that LAYNE employs others in the organization to assist him in collecting drug proceeds, and that those proceeds are deposited in bank accounts to be used to purchase additional drugs. On January 25, 2012, between 10:55 a.m. and 12:01 p.m., there were several intercepted calls between LAYNE and SCHAEFFER, using 717-816-9972 (subscribed to Colleen SCHAEFFER), who I know to be LAYNE's girlfriend, wherein LAYNE told SCHAEFFER that he was going to the bank "by the 15." LAYNE later called SCHAEFFER and told her he was "there" and that she should bring him $3,500 from out of a drawer. At the time of this call, surveillance agents observed the rental car that LAYNE had been observed getting into earlier that day driving toward his apartment in Waynesboro. On the east side of the parking lot by LAYNE's residence, a black female was seen walking towards the rear of the apartment building at the same time the rental vehicle in which LAYNE was a passenger pulled onto the same lot.   I believe the money that LAYNE was having SCHAEFFER retrieve was in relation to the calls from January 24 with UM 7776.

j.    On January 25, 2012, at approximately 12:40 p.m. there was an outgoing call from 301-302-2600 (LAYNE) to 173*169*7776 (UM 7776).   What follows is a partial transcript of that call.

LAYNE:       Yeah, what's the number? Yo

UM 7776:     483 363 5994

LAYNE:       483

UM 7776:     363 5994

LAYNE:       And it was Keystone

UM 7776:     Yeah

LAYNE:       And put the Auto right?

UM 7776:     Son, you know this already man.

LAYNE:       Forgot man. I, I don't remember

k.    I believe that when UM 7776 gave LAYNE the number "483 363 5994" he was transmitting a bank account number.   At approximately 12:41 p.m., surveillance agents saw LAYNE's rental vehicle at the Bank of America in Thurmont, Maryland.

l.    From a review of documents dating from the opening of the BOA Account in 2008 forward, the REID/Keystone Auto account shows a small amount of apparently legitimate business – evidenced by multiple auto auction checks and a small number (under 10) of personal checks being deposited reflecting the sale of autos.   However, there appear to be no records of checks being written to purchase any cars and only recently (starting in 2012) did REID begin paying himself a monthly salary of $2,750 (by check).   There exist only three form 8300s,

"Report of Cash Payments over $10,000 in a Trade or Business", using Keystone's EIN since January 1, 2009.  Instead, the activity in the BOA Account consists almost entirely of even-amount cash deposits, under $10,000, usually in the northeast (New York, Maryland, etc.) and a corresponding withdraw of a similar amount within days or hours in a source state for drugs (California and Texas).

m.      From the period of May 4, 2009, to February 27, 2012, $484,875 in cash deposits and $219,415 in cash withdrawals have been made in the REID / Keystone Auto account.  Specifics for the account's cash activity follows:

i)      Of the cash deposits from which deposit slips are available: 3 occurred in Connecticut, 5 occurred in Florida, 17 occurred in Maryland (totaling $111,950), 6 occurred in New Jersey, 59 occurred in New York, and 1 occurred in Pennsylvania.

ii)     Of the cash withdrawals for which information is available: 24 occurred in Texas (totaling $120,000), 7 occurred in California, 2 occurred in Florida, 1 occurred in New Jersey, 1 occurred in Nevada, 10 occurred in New York, and 1 occurred in Pennsylvania.

n.      The evidence supports that the REID / Keystone Auto account is intentionally being used by the LAYNE drug trafficking organization (DTO) as a de facto money transmitter.  The majority of cash deposits, all of which (except one) were below the $10,000 reporting threshold, occurred in rounded dollar amounts and are made via counter deposit or drive through locations of BOA in New York and Maryland.  Cash withdrawals of similar dollar amounts (none over $10,000) occurred inside BOA branches in Texas, California, New York, Florida, and Nevada.

These withdrawals often occur on the same day in like dollar amounts – or on closely following days. Examples of the money movement that fits the investigation information:

i)      On March 7, 2011, $3,150 was deposited in cash in Maryland. The same day, $2,500 in cash was withdrawn in California.

ii)     On November 10, 2011, $5,000 was deposited in cash in Maryland (photo shows this to be SCHAEFFER). The same day, $5,000 in cash was withdrawn in Texas.

iii)    On December 1, 2011, $5,200 was deposited in cash in Maryland (photo shows this to be LAYNE and SCHAEFFER). The same day, $9,000 in cash was withdrawn in Texas.

iv)     On December 22, 2011, $3,600 was deposited in cash in New York (photos show an unknown male). The same day, $9,500 in cash was withdrawn in 2 transactions in Texas.

v)      On January 24-25, 2012, $7,500 was deposited in cash in Maryland and New York in 2 transactions (photo shows this to be SCHAEFFER depositing in Maryland). With no interceding transactions, on January 27, 2012, $7,500 in cash was withdrawn in Texas.

vi)     On February 7, 2012, $5,000 was deposited in cash in New York (photos show this to be REID). On February 8, 2012 and February 10, 2012, $8,000 in cash was withdrawn in 2 transactions in California (photo shows this to be REID).


o.      For the activity referenced above, a larger sampling of late 2011 and early 2012 bank surveillance photos of the individuals depositing / withdrawing money show a minimum of five unique persons accessing the account. The vast majority of the cash activity for both deposits and withdrawals on the account is REID (as shown when matching his Delaware driver's license photo with bank photos). Other photos indicate infrequent use by LAYNE and SCHAEFFER, a single use by a Takeia A. Grant, and a single use by an unknown male.

p.      Based on my training and experience, I believe that the withdrawals from the BOA Account represent funds to be used to purchase additional drugs for sale by the LAYNE DTO. The amounts are less than $10,000 to avoid reporting requirements, which I know is something done by drug traffickers to avoid detection.  Furthermore, the withdrawals are almost always done in locations which I know to be source locations for drugs such as marijuana - California and Texas.  Additionally, as stated above, I believe that because the withdrawals so closely follow the deposit of money and because the amounts closely correlate, that the Subject Account is being used to transmit money to be used to purchase drugs for the LAYNE DTO.

## TRANSFERS OF DRUG PROCEEDS TO THE CITIBANK ACCOUNT

q.      I also believe that the funds in the BOA Account, which represent proceeds of the sale of drugs, are transferred to other accounts controlled by REID.  In 2001, REID opened a Citibank Account #92042784, a money market account (the "Citibank Account").  The address on the account is 10548 Flatlands 1st Street, Brooklyn New York, 11236 and the sole signatory on the account is REID.  On January 10, 2011, a cashier's check for $20,000 written payable to Paul REID was deposited into this account.  The cashier's check, #2103302 dated January 10, 2011, was drawn on the BOA Account and was endorsed by REID.  On February 22, 2011, a cashier's check for $17,500 written payable to Paul REID was deposited into this account.  The cashier's check, #2792639 dated February 22, 2011, was drawn on BOA Account #4833635994 of Keystone Auto Enterprises LP and was endorsed by REID.  The Citibank Account shows periodic transfers and withdrawals over time, usually into other Citibank accounts, but it does not appear to have a linked debit card or personal checks written from it.

r.      As of May 15, 2012, the Citibank Account has a balance of $9,014.

s.      REID is currently awaiting trial currently scheduled in April 2013 for federal charges

from this investigation.


I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. 1746
THAT THE FACTS SUBMITTED BY THE DRUG ENFORCEMENT ADMINISTRATION,
IN REFERENCE TO THE SEIZURE OF $1,915.72 U.S. CURRENCY FROM Paul REID ARE
ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE,
INFORMATION AND BELIEF.



Terry L. Hose
Task Force Officer
Drug Enforcement Administration